UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DONATO MEDINA, JR. | § § § | |
| v. | § | CIVIL ACTION NO. M-06-94 |
| | § | |
| CITY OF PHARR | § § § § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

**I.  Introduction**

Defendant City of Pharr ("the City") moves the Court to dismiss the claims of Plaintiff Donato Medina, Jr. ("Medina") under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (Doc. 2).  Upon careful consideration of Medina's pleading (Doc. 1, Ex. 1), the City's motion (Doc. 2), and Medina's response (Doc. 10) in light of relevant case law, the Court has determined that the City's Motion to Dismiss should be **GRANTED** in part and **DENIED** in part, as discussed below.[1]

**II.  Background**

Plaintiff Medina, the former Public Works Director for Defendant City, alleges that he was terminated shortly after he announced his candidacy for Hidalgo County Commissioner, Precinct No. 4 on January 2, 2006.  (Doc. 1, Ex. 1).  Medina alleges that the City terminated him pursuant to the section of its personnel policy regarding political activities.  *Id.*  The political activities

---

1    On May 5, 2006, the City filed a Motion for Expedited Non-Emergency Hearing on Its Motion to Dismiss.  (Doc. 4).  At that time, Medina had not yet responded to the City's Motion to Dismiss.  Because the issues raised in both the City's Motion to Dismiss and Medina's response are purely legal, an expedited hearing is not necessary for the determination of the City's Motion to Dismiss.  Therefore, the Court **DENIES** the City's Motion for Expedited Non-Emergency Hearing on Its Motion to Dismiss.  (Doc. 4).

policy permits City employees to participate in political activities to the extent that such participation takes place after work and does not result in a conflict of interest. *Id.* The policy also specifically provides that "[n]o employee may seek or hold an appointive or elective office of public trust with remuneration. Upon announcement of the intention to seek or assume such office, an employee shall submit his or her resignation, and upon failure to do so, shall be dismissed as an employee." *Id.*

Medina claims that the City historically has not enforced the provision of the political activities policy that requires resignation from employees who seek or assume public office. *Id.* Medina asserts that in the fall of 2005, he discussed his intention to run for office with the City's mayor, city manager and several commissioners. *Id.* According to Medina, he assured the City officials that his candidacy would not interfere with his duties as Public Works Director, that he would campaign only on personal time, and that there would be no conflict of interest. *Id.*

After his termination, Medina requested a grievance hearing in order to request reinstatement in compliance with the City's administrative and personnel policies. *Id.* Medina received his requested hearing, but the City Commission subsequently voted to uphold his termination under the City's political activities policy. *Id.*

As a result of these events, Medina filed suit against the City based on his termination. *Id.*[2] Specifically, Medina claims that political activities policy is unconstitutional on its face and/or as applied to him. *Id.* Medina asserts that the City's termination of his employment deprived him of his "protected rights of freedom of speech and political affiliation and/or views pursuant to the constitution of Texas and the United States of America." *Id.* Medina also claims, in the

---

[2] Medina originally filed his claims in the County Court at Law No. 2 in Hidalgo County, Texas on March 21, 2006. (Doc. 1, Ex. 1). The City removed the case to this Court on April 3, 2006 on the grounds that the Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1441(b). (Doc. 1). Medina has not contested removal.

alternative, that the political activities policy, as applied to Medina, "denies him the equal protection of the laws of the state of Texas and the United States of America." *Id.* Medina further asserts a claim for wrongful termination under Section 276.001 of the Texas Election Code. *Id.* Finally, he seeks a declaratory judgment under Sections 37.001, et seq. of the Texas Civil Practices and Remedies Code, specifically requesting that the Court declare that the City's political activities policy is unconstitutional on its face, or alternatively, as it applies to him. *Id.*

## III. Analysis

### A. Standard of Review

Motions to dismiss for failure to state a claim are "'viewed with disfavor and rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). A district court must assume that all facts in the plaintiff's complaint are true and should not dismiss the complaint "'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Collins*, 224 F.3d at 498 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The district court should further evaluate "'whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Collins*, 224 F.3d at 498 (quoting *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Dismissal is proper, however, "'if the complaint lacks an allegation regarding a required element necessary to obtain relief'" or where the plaintiff has alleged merely "'conclusory allegations or legal conclusions masquerading as factual conclusions....'" *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *see also Collins*, 224 F.3d at 498. The court may consider documents attached to a motion to dismiss if such documents are referred to in the plaintiff's complaint and are central to his claim. *Collins*,

224 F.3d at 498-99.[3]

## B.  Medina's Federal Constitutional Challenge to the City's Political Activities Policy

As noted *supra*, Medina claims that the City violated his "protected rights of freedom of speech and political affiliation and/or views pursuant to the constitution of...the United States of America."  (Doc. 1, Ex. 1).  In the alternative, Medina claims that the City's political activities policy, as applied to Medina, "denies him the equal protection of the laws of...the United States of America."  *Id.*

The Court construes Medina's claims as invoking 42 U.S.C § 1983.  Section 1983 provides a private right of action against persons acting under color of state law to redress the deprivation of rights secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *Bauer v. Tex.*, 341 F.3d 352, 357 (5th Cir. 2003).  To prevail on a Section 1983 claim, the plaintiff must show that: (1) the offending conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the U.S. Constitution or federal law.  *Id.*  The U.S. Supreme Court has held that municipalities are considered "persons" under Section 1983.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Therefore, this Court must first concern itself with whether Medina has stated a claim that an official policy, custom, or practice of the City deprived Medina of his First Amendment and equal protection rights under the U.S. Constitution.[4]

## 1.  Medina's First Amendment Claim

Medina contends that the City's political activities policy prohibiting City employees from

---

3   As a copy of the political activities policy at issue is attached to Medina's pleading, referred to in such pleading, and central to his claims, the Court will consider such document. (Doc. 1, Ex. 1).
4   A city can only be held liable under Section 1983 if an official policy, custom, or practice caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 690-91; *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  The City does not appear to contest that its political activities policy constitutes an official policy of the City.  (Doc. 2).

seeking or holding elective office is unconstitutional on its face and/or as applied to him.  (Doc. 1, Ex. 1; Doc. 10).  The City maintains that the policy is constitutional on its face because the City has a legitimate interest in regulating the political activities of its employees.  (Doc. 2).  The policy, the City contends, legally restricts its employees' right to run for office in order to ensure loyalty, efficiency, and non-partisanship.  *Id.*

Medina's right to run for County Commissioner is a "substantial" and "important," although not "fundamental," right protected by the First Amendment to the U.S. Constitution.  *Bullock v. Carter*, 405 U.S. 134, 142-44 (1972); *Morial v. Judiciary Comm'n of the State of La.*, 565 F.2d 295, 301 (5th Cir. 1977)(en banc), *cert. denied*, 435 U.S. 1013 (1978); *Stone v. City of Wichita Falls*, 477 F.Supp. 581, 584 (N.D.Tex. 1979), *aff'd*, 646 F.2d 1085 (5th Cir. 1981), *cert. denied*, 454 U.S. 1082 (1981).  The U.S. Supreme Court has specifically approved restrictions on the right of state civil servants to become candidates for paid public office.  *Morial*, 565 F.2d at 299 (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 616-17 (1973)).  However, in determining the constitutionality of the political activities policy at issue here, this Court must follow the analysis set forth in *U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548 (1973), and *Broadrick*, 413 U.S. 601.  *Morial*, 565 F.2d at 299.   This analysis requires a means-end scrutiny test under which the court first articulates the employee's interests in being free of the challenged restriction and then articulates each of the important governmental interests in protecting the integrity of civil service.  *Id.* at 299-300.  Ultimately, a state's restrictions on its employees' political activities are constitutionally permissible if they are reasonably necessary in order to achieve a compelling public objective.  *Id.*

In *Morial*, the Fifth Circuit applied the means-end scrutiny test and upheld the constitutionality of the Louisiana Judicial Commission's restriction upon judges that required

their resignation before seeking elective office. *Morial*, 565 F.2d at 303. In articulating Judge Morial's interest in being free from the restriction on his candidacy for mayor of New Orleans, the court noted that his interest in his own candidacy was "substantial" and "one of the ultimate forms of political expression in our society." *Id.* at 301.

The court next considered whether the "resign-to-run" rule was reasonably necessary to effectuate the government's articulated interests in protecting the integrity of civil service. *Id.* The government presented three interests that justified the rule: (1) the prevention of abuse of the judicial office by a candidate during the course of a campaign; (2) the prevention of abuse of the office by judges who lost their races and returned to the bench; and (3) the elimination of the appearance of impropriety by judges both during and after the campaign. *Id.* Finding that "[t]he state's interest in ensuring that judges be and appear to be neither antagonistic nor beholden to any interest, party, or person is entitled to the greatest respect," the court concluded that the resign-to-run rule made "a substantial contribution to the achievement of the state's ends" and that the consequent restriction on the judge's First Amendment rights was reasonably necessary to protect the state's articulated interests. *Id.* at 303. Therefore, the restriction did not violate the First Amendment. *Id.*

Several cases determined after *Morial* provide further guidance. *See Hickman v. City of Dallas*, 475 F.Supp. 137 (N.D.Tex. 1979); *Stone*, 477 F.Supp. 581; *Davis v. City of Dallas*, 992 S.W.2d 621 (Tex.App.-Dallas 1999, no pet.). In *Hickman*, the plaintiff, a Dallas police officer, sought to declare unconstitutional a provision of the City of Dallas charter prohibiting him from campaigning for or holding an elected public office within Dallas County. *Hickman*, 475 F.Supp. at 138-39. The plaintiff aspired to serve on the City Council of De Soto, located within Dallas County. *Id.* at 139. Finding the charter provision unconstitutional as applied to the

plaintiff, the district court determined that the City of Dallas failed to show that the plaintiff's candidacy for De Soto City Council would impair the integrity of Dallas's city government or the loyalty and efficiency of Dallas city employees.  *Id*. at 141.[5]  Rather, the provision as applied to the plaintiff "prohibit[ed] [the plaintiff's] candidacy simply because it [was] within Dallas County."  *Id.*  However, the district court declined to invalidate the charter provision on its face, concluding that the provision might be validly used to restrict a City of Dallas employee's candidacy for a *city* position, or to prohibit a managerial or supervisory employee from running for elective office, whether inside or outside the City of Dallas.  *Id.*

In *Stone*, the plaintiff, a firefighter employed by the City of Wichita Falls, was indefinitely suspended after he announced his candidacy for County Commissioner in Archer County, a county adjacent to the county where Wichita Falls is located.  *Stone*, 477 F.Supp. at 582-85.  The Wichita Falls city charter provided that "'[a]ny...employee of the City who shall become a candidate for the election to any office shall forfeit the office or employment held under the City.'"  *Id.* at 583 n. 2.  The district court held that the charter provision as applied to the plaintiff was unconstitutional because the City of Wichita Falls had failed to provide evidence that the plaintiff's candidacy for County Commissioner in an adjacent county compromised his loyalty, efficiency, or the appearance of impropriety.  *Id*. at 585.  Thus, as in *Hickman*, the city charter provision was found to be unconstitutional as applied to the plaintiff because the provision prohibited the plaintiff's candidacy based on geography rather than articulated, justifiable state interests.  *See Hickman*, 475 F.Supp. at 141; *Stone*, 477 F.Supp. at 585.

Most recently, the Dallas Court of Appeals relied upon *Hickman* to uphold the revised City of Dallas charter provision prohibiting city employees from seeking elected public office within

---

[5]  The court found as such despite Dallas's contractual and informal agreements with the City of De Soto and the two cities' involvement in litigation regarding the sale of drinking water, noting that the plaintiff had "no connection" with the latter controversy.  *Hickman*, 475 F.Supp. at 139.

Dallas County. *Davis*, 992 S.W.2d at 624-25. In *Davis*, the plaintiff was terminated from his employment as a security officer for the Dallas Police Department after he announced his candidacy for the Dallas City Council. *Id.* at 623. The plaintiff's candidacy fit an instance comparable to the one anticipated in *Hickman*--that is, because the plaintiff sought a position on the city council of the city that employed him, and because the position he sought could give him power over his supervisors, the City of Dallas could justifiably restrict his ability to run for the city council while maintaining his employment with the city. *Id.* at 624-25. As such, the court found that the charter provision did not violate the First Amendment facially or as applied to the plaintiff. *Id.*

As explained *supra*, Medina's interest in being free of the challenged restriction on his candidacy for Hidalgo County Commissioner is a "substantial" and "important" right under the First Amendment. *See Morial*, 565 F.2d at 301. The City maintains that its political activities policy, and the restriction contained therein, protects its interests in maintaining employee loyalty, efficiency and non-partisanship. (Doc. 2). The policy, consequently, will not run afoul of the First Amendment if the City can show that its own "resign-to-run" provision is reasonably necessary in order to protect these interests. *See Morial*, 565 F.2d at 302. However, the City's Motion to Dismiss does not articulate how Medina's campaign for Hidalgo County Commissioner would jeopardize the City's interests in loyalty, efficiency, and non-partisanship. (Doc. 2). In particular, the City's assertions lack any allegation that Medina seeks a position within the city that employs him, or that he holds or seeks a position of managerial or supervisory power such that the City's interests are jeopardized. *C.f. Davis*, 922 S.W.2d at 624-25; *Hickman,* 475 F.Supp. at 141. Although the interests defended by the City are undeniably important, absent any allegation that Medina's campaign would specifically encroach upon them,

they cannot be vindicated by the policy at the expense of Medina's rights. As such, the City cannot establish at this stage of the proceedings that a reasonable necessity exists for enforcing its political activities policy against Medina. *See*, *e.g.*, *Morial*, 565 F.2d at 303. Therefore, the Court finds that Medina has stated a claim upon which relief can be granted that the City's political activities policy is unconstitutional as applied to Medina.

However, also for the foregoing reasons, the Court finds that Medina has not stated a claim upon which relief can be granted that the City's political activities policy is unconstitutional on its face. Much like the *Hickman* court, this Court can conceive of a case in which a City employee would seek elective office within the City and/or hold or seek a position of supervisory or managerial power such that the enforcement of the political activities policy would be reasonably necessary in order to protect the City's interests. *Hickman*, 475 F.Supp. at 141. As such, Medina's federal constitutional challenge to the political activities policy on its face does not survive the City's Motion to Dismiss.

**2.    Medina's Equal Protection Claim**

In the alternative, Medina alleges that the City's political activities policy, as applied to Medina, violates his right to equal protection under the U.S. Constitution. (Doc. 1, Ex. 1). Specifically, Medina claims that the City selectively enforced its political activities policy against Medina, as the City allegedly has not enforced the policy against other City employees who have run for elected office. *Id.*  The City argues that, even assuming that Medina's allegations are true, the City's policy was not unconstitutionally applied to Medina. According to the City, Medina has not alleged that the City selectively enforced the policy for the requisite improper reasons. (Doc. 2).

To establish that the City selectively enforced the political activities policy in violation of

Medina's right to equal protection, Medina must prove that the City's acts "were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right," such as freedom of speech. *E.g.*, *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 277 (5th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001); *Amato v. S.E.C.*, 18 F.3d 1281, 1285 (5th Cir. 1994)(identifying "freedom of speech" as constitutional right to be considered). Here, the Court has found that Medina has stated a claim that the policy was violative of the First Amendment as applied to Medina. As such, Medina has at least alleged that the City was motivated by the desire to prevent the exercise of Medina's First Amendment rights in enforcing the policy selectively against him. As such, Medina's federal equal protection claim survives dismissal.

**C.   Medina's State Constitutional Challenge to the City's Political Activities Policy**

Medina also claims that the City deprived him of his "protected rights of freedom of speech and political affiliation and/or views pursuant to the constitution of Texas...." (Doc. 1, Ex. 1). In the alternative, Medina asserts that the City's political activities policy, as applied to Medina, "denies him the equal protection of the laws of the state of Texas...." *Id.*

As an initial matter, the Court recognizes that it is well-settled that there is no statutory provision in Texas comparable to 42 U.S.C. § 1983 that enables Medina to sue for damages for violations of his state constitutional rights. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995). Moreover, there is no implied private right of action for damages or any common law cause of action for violations of the Texas Constitution. *Id*. at 147-49; *see also Harrison v. Tex. Dept. of Criminal Justice-Institutional Div.*, 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 475 (Tex.App.-Amarillo 1995, no writ). However, because of the difference between voiding a law as unconstitutional

and seeking damages as a remedy for an act committed, suits for equitable remedies, such as declaratory relief, resulting from violations of rights guaranteed by the Texas Constitution are not prohibited. *Bouillion*, 896 S.W.2d at 149. Therefore, to the extent that Medina seeks damages as a result of the alleged violations of his rights to free speech and equal protection under the Texas Constitution, such claims are dismissed. Otherwise, Medina's request for declaratory relief under Sections 37.001, et seq. of the Texas Civil Practices and Remedies Code will be considered more fully.

This Court recognizes, as did the Court in *Stone*, that Article 16, Section 40 of the Texas Constitution provides that "'[n]o person shall hold or exercise at the same time, more than one civil office of emolument, except that of...County Commissioner...unless otherwise specially provided herein....'" Tex. Const. art. 16, § 40 (Vernon Supp. 2006); *Stone*, 477 F.Supp. at 584. In *Stone*, the district court concluded that a Wichita Falls city charter provision proscribing the candidacy of the plaintiff, a city employee, for County Commissioner conflicted with Article 16, Section 40 and thus violated the Texas Constitution. *Stone*, 477 F.Supp. at 584. Here, the City's political activities policy, in stating that "[n]o employee may seek or hold an appointive or elective office of public trust with remuneration," directly conflicts with Article 16, Section 40 of the Texas Constitution, as applied to Medina. In other words, the City cannot annul with its political activities policy a state constitutional provision permitting a city employee to hold simultaneously the office of County Commissioner.

Based on the reasoning in *Stone*, and the Court's own consideration of Article 16, Section 40 of the Texas Constitution as it applies to the present case, it appears that Medina has stated a claim upon which relief can be granted that the City's political activities policy is violative of the Texas Constitution as applied to Medina. With regard to Medina's interest in seeking the

Hidalgo County Commissioner's seat, such interest is protected not only as a "substantial" and "important" right under the First Amendment, *see Morial*, 565 F.2d at 301, but also as a right protected by the Texas Constitution.  Tex. Const. art. 16, § 40 (Vernon Supp. 2006).  Although the plaintiff in *Stone* was seeking the County Commissioner seat for a county adjacent to his employer's, Article 16, Section 40 arguably permits a city Public Works Director to hold simultaneously the office of County Commissioner without regard to geographical or jurisdictional boundaries.  *See id.*; *see also Stone*, 477 F.Supp. at 585.  Thus, the Court concludes that Medina's request for declaratory relief with respect to his claim that the City's political activities policy is violative of the Texas Constitution, as applied to Medina, survives the City's Motion to Dismiss.  Medina sought the office of County Commissioner, an office that by law may be held by one who is simultaneously another public officer.  *Id.*[6]

However, the Court does not find that Medina has stated a claim upon which relief can be granted that the City's political activities policy violates the Texas Constitution on its face, as it is entirely possible that an employee of the City could seek a "civil office of emolument" other than those enumerated in Article 16, Section 40.  In such case, the constitutional provision would prohibit the holding of such office by a City employee.  *See* Tex. Const. art. 16, § 40 (Vernon Supp. 2006).  For such reason, the Court dismisses Medina's state constitutional challenge to the political activities policy on its face.

**D.  Medina's Wrongful Termination Claim**

With regard to Medina's wrongful termination claim, the Court notes that Section 276.001 of

---

[6] The Court notes that the equal protection provision in the Texas Constitution corresponds to the federal provision.  *See*, *e.g.*, *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex. 1990).  As the City does not specifically move to dismiss Medina's claim that the political activities policy violates Medina's right to equal protection under the Texas Constitution, and as the Court has found that Medina's equal protection claim under the federal Constitution states a claim upon which relief can be granted, Medina's state equal protection claim also survives the City's Motion to Dismiss.

the Texas Election Code prohibits an employer from discharging an employee for refusing to vote in a particular manner and makes such offense a third degree felony.[7]  Medina's pleading does not indicate that he was terminated for voting in any particular manner; rather, he alleges that he was terminated because he sought elected office.  (Doc. 1, Ex. 1).  Moreover, criminal statutes do not provide for private causes of action.  *See*, *e.g.*, *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex.App.-Houston [1st Dist.] 2001, pet. denied); *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex.App.-Tyler 1996, writ denied).  Therefore, Medina's wrongful termination claim brought under Section 276.001 of the Texas Election Code is dismissed for failure to state a claim upon which relief can be granted.

## IV.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant City's Motion to Dismiss (Doc. 2) the following claims: (1) Plaintiff Medina's claim that the City's political activities policy violates the First Amendment to the U.S. Constitution on its face; (2) Medina's claim for damages for violations of his free speech and equal protection rights under the Texas Constitution; (3) Medina's request for a declaratory judgment with respect to his claim that the City's political activities policy is violative of the Texas Constitution on its face; and (4) Medina's wrongful discharge claim brought under Section 276.001 of the Texas Election Code.

---

[7]   Section 276.001 of the Texas Election Code provides as follows:

(a) A person commits an offense if, in retaliation against a voter who has voted for or against a candidate or measure or a voter who has refused to reveal how the voter voted, the person knowingly:

(1) harms or threatens to harm the voter by an unlawful act; or
(2) with respect to a voter over whom the person has authority in the scope of employment, subjects or threatens to subject the voter to a loss or reduction of wages or another benefit of employment.

(b) An offense under this section is a felony of the third degree.

Tex. Elec. Code § 276.001 (Vernon Supp. 2006).

Also for the foregoing reasons, the Court hereby **DENIES** Defendant City's Motion to Dismiss (Doc. 2) the following claims: (1) Plaintiff Medina's claim that the City's political activities policy violates the First Amendment to the U.S. Constitution as applied to Medina; (2) Medina's claim that the City's political activities policy was selectively enforced against him, in violation of Medina's right to equal protection under the U.S. Constitution; and (3) Medina's request for a declaratory judgment with respect to his claim that the City's political activities policy is violative of the Texas Constitution as applied to Medina.

The Court further **DENIES** Defendant City's Motion for Expedited Non-Emergency Hearing on Its Motion to Dismiss. (Doc. 4).

SO ORDERED this 27th day of September, 2006, at McAllen, Texas.

_____
Randy Crane
United States District Judge